IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DAMONE L. CRIBBS, )<br>)<br>Defendant. ) | Case No. 16-06005-01-CR-SJ-BP |

**ORDER AND OPINION (1) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND (2) DENYING DEFENDANT'S MOTION TO SUPPRESS**

A highway patrolman found a gun in the trunk of Defendant's car, resulting in Defendant's indictment for being a felon in possession of a firearm. (Doc. 12.) He filed a Motion to Suppress, (Doc. 20), contending the search of the car's trunk was unconstitutional. The Honorable Robert E. Larsen, Magistrate Judge for this District, held a hearing on August 9, 2016, and he issued a Report on August 24, 2016 recommending that the Motion to Suppress be denied. (Doc. 31.) Defendant objects to Judge Larsen's Report and Recommendation ("the Report").

The Court has conducted a de novo review as required by 28 U.S.C. § 636(b)(1). In particular, the Court has reviewed the parties' submissions before the hearing, the transcript from the hearing, the exhibits admitted during the hearing, Defendant's objections and the Government's response. Having conducted this review, the Court adopts the Report in its entirety as the Order of the Court and denies the Motion to Suppress. Given the Report's thoroughness there is no need for an extended discussion; the Court's intent is to specifically address Defendant's Objection. In addition, Defendant's dispute focuses primarily on the law and does not require a detailed examination of the facts.

Corporal A.J. Webb of the Missouri Highway Patrol stopped Defendant's car because Defendant was exceeding the speed limit. During his discussion with Defendant, Corporal Webb smelled the odor of burnt marijuana in Defendant's car. He took Defendant to his cruiser for the purpose of issuing a warning; during the ensuing conversation Corporal Webb learned that Defendant was returning to Kansas City from Omaha, had luggage in the trunk of his car, and had prior felony convictions.

Corporal Webb issued Defendant a warning for speeding. He then advised Defendant that he smelled burnt marijuana in the car. Defendant admitted that his cousin had smoked marijuana in the car. Corporal Webb asked for permission to search the car, but Defendant refused. Corporal Webb then advised that he had probable cause to search the car because of the odor of burnt marijuana, and then he and Sergeant Larry Allen searched Defendant's car. As Corporal Webb searched the car's interior, Sergeant Allen opened the trunk and found a shopping bag. He opened the shopping bag and found a small mason jar with green (fresh) marijuana inside, a loaded firearm, and a digital scale. Defendant was then arrested.

Defendant argues that the evidence found in the trunk of his car must be suppressed because the search of the trunk (and the bag therein) violated the Constitution. For the reasons set forth in the Report, the Court disagrees. The odor of marijuana provided probable cause to justify a search. *E.g., United States v. Smith,* 789 F.3d 923, 928-29 (8th Cir. 2015); *United States v. Peltier,* 217 F.3d 608, 610 (8th Cir. 2000). Defendant contends the scope of any such search was limited to the areas of the car where evidence of marijuana usage could be found – which would not permit the search to extend to the trunk of the car.

The Court does not interpret prior decisions of the Eighth Circuit as narrowly as does Defendant. The Eighth Circuit has never held that an officer's probable cause to believe that

2

marijuana had been smoked in a car precluded a search of the car's trunk. For instance, in *United States v. Caves*, 890 F.2d 87 (8th Cir. 1989), a trooper smelled the odor of burnt marijuana on the defendant's person and breath, the defendant admitted that marijuana was in the console, and the trooper then found cigarette papers, a can of disinfectant, and marijuana in the console. Armed only with this evidence of marijuana use, the trooper searched the trunk of the car. The Court of Appeals held that the search – including the search of the trunk – was proper. Similarly, in *United States v. Neumann*, 183 F.3d 753 (8th Cir.), *cert. denied*, 528 U.S. 981 (1999), the odor of burnt marijuana, marijuana ashes in the ashtray, and a small quantity of marijuana justified a search of the entire vehicle. Other Eighth Circuit cases have relied on these (and other) decisions to announce the general proposition that "[t]he smell of burnt marijuana emanating from [a] car [gives] the police probable cause to search the entire vehicle for drugs . . . ." *United States v. Beck*, 11 Fed. App'x 700, 700 (8th Cir. 2001); *see also United States v. Smith,* 789 F.3d 923, 929 (8th Cir. 2015); *United States v. Jennings*, 2007 WL 2142260, *1 (8th Cir. 2007); *Peltier*, 217 F.3d at 610. However, no decision from the Eighth Circuit limits the scope of such a search to the passenger compartment.[1]

Defendant suggests the search of the trunk in *Caves* was only justified because the trooper had more information than just the smell of burnt marijuana. But that additional information indicated nothing more than the contemporaneous use of marijuana that was already established by the smell of burnt marijuana. Thus the trooper in *Caves* – like Corporal Webb here – was armed only with information suggesting marijuana had been recently used in the car, yet the search of the trunk was held to be lawful. Defendant also points out that the vehicle in *Neumann* was a truck, and suggests that the "entire vehicle" consisted of the passenger

---

[1] The Court acknowledges Defendant's citation to the Tenth Circuit's decision in *United States v. Nielsen*, 9 F.3d 1487 (10th Cir. 1993), but *Nielson* is inconsistent with the decisions issued by the Eighth Circuit.

3

compartment. (Doc. 34, p. 3.) However, the search of the entire vehicle included "the back of the pickup" where more than ninety-four pounds of marijuana was found. 183 F.3d at 755. The opinion does not make clear whether this was found in the bed of the truck or in the passenger compartment; either way, it seems unlikely that this quantity of marijuana was out in the open – so probable cause to believe marijuana had been used in the truck justified opening containers in which marijuana could be found, even though evidence of marijuana use would not be expected to be found therein.

Implicit in the Court of Appeal's holdings is the conclusion that if there is probable cause to believe that marijuana has been used in the passenger compartment, there is also probable cause to believe that there is more marijuana elsewhere in the car – including places where marijuana might not be smoked, or where evidence of recent use might not be found. The scope of a search justified by the odor of burnt marijuana is not limited to places where the remains of burnt marijuana might be found. For these reasons, the Court **ADOPTS** the Report and Recommendation and **DENIES** the Motion to Suppress.

**IT IS SO ORDERED.**

DATE: September 29 , 2016

/s/ Beth Phillips
BETH PHILLIPS, JUDGE
UNITED STATES DISTRICT COURT